UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02906

**Florente Mendez,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Luis Alberto Florente Mendez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States at an unknown date. On August 28, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement and transferred to the T. Don Hutto Detention Center, where he is currently detained.

On October 13, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. Petitioner has been granted voluntary departure and is "currently pending departure." ECF No. 7 at 3. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Because Petitioner is proceeding *pro se*, this Court construes his Petition generously. Read in that light, the Petition appears to allege that Petitioner's pre-removal detention is unlawful because it violates due process and the Immigration

and Nationality Act (INA). Petitioner's arguments, however, fail.

Petitioner argues that his pre-removal detention without a bond hearing violates due process, but the Fifth Circuit has rejected this argument, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, 193 F.4th 837, 847, 856 (5th Cir. 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at 845 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id.* at 849.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at 858 (cleaned up). Here, Petitioner has been granted voluntary departure and is "currently pending departure," ECF No. 7 at 3, so "continued detention . . . does not violate due process." *Rodriguez*, 193 F.4th at 858. The Due Process Clause therefore does not require granting the writ.

Petitioner's INA argument fares no better for the reasons set forth in Part I of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). The Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking

admission" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* at 722.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 25, 2026.*

ANDREW DAVIS
United States District Judge